IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41316
Summary Calendar
_____


ENRIQUE MORENO,

                                        Plaintiff-Appellant,

versus

U.S. MARSHAL SERVICE; C.J. VILLARREAL,
Deputy U.S. Marshal; NUECES COUNTY JAIL;
LARRY OLIVAREZ, Sheriff, Sheriff of Nueces
County; MICHAEL RATLIFF, Sheriff of Victoria
County; VICTORIA COUNTY JAIL; SPOHN HOSPITAL;
JOHN DOES, 1 To 100; JANE DOES, 1 To 100,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
(C-98-CV-206)
- - - - - - - - - -

June 14, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

        Plaintiff-Appellant Enrique Moreno appeals the dismissal of
his civil rights claim as frivolous under 28 U.S.C. § 1915A(b)(1).
A *pro se* prisoner's complaint may be dismissed as frivolous if it
lacks an arguable basis in law or fact.  § 1915A(b)(1); Eason v.
Thaler, 14 F.3d 8, 9 (5th Cir. 1994)(dismissal under §
1915(e)(2)(B)(i)).  We review a § 1915 dismissal for abuse of

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

discretion.  Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998)(dismissal under § 1915A), petition for cert. filed (U.S. Dec. 22, 1998) (No. 98-9113).  Because Moreno is a *pro se* prisoner filing a civil action against government entities, the magistrate judge properly considered his claim under § 1915A despite his payment of filing fees.

Moreno argues that the magistrate judge erred in holding a nonadversarial hearing under Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).  A Spears hearing is designed to allow a magistrate judge to ascertain the facts behind conclusional allegations in a *pro se* prisoner's lawsuit brought under 42 U.S.C. § 1983.  It is not meant to be an adversarial proceeding.  Moreno's contention on this point is meritless.

Moreno contends that the magistrate judge erred in not considering his malpractice claims against Spohn Hospital.  We disagree.  The magistrate judge properly exercised her discretion in declining jurisdiction over a supplemental state-law claim once she had dismissed the federal causes of action as frivolous. McClelland v. Gronwaldt, 155 F.3d 507, 519 (5th Cir. 1998).  Moreno can still file this cause of action in state court.

Moreno next argues that the magistrate judge erred in not determining the normal postoperative procedures for hernia surgery and in not permitting him to conduct discovery to determine whether jail officials had been given any rules for treatment.  Discovery matters are entrusted to the sound discretion of the court. Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990).  Moreno was

2

not entitled to discovery to ascertain whether he had a cause of action. See Paul Kadair, Inc. v. Sony Corp. of America, 694 F.2d 1017, 1029 (5th Cir. 1983)(refusal to permit fruitless additional discovery before ruling on a motion for summary judgment).

Moreno provided no evidence other than his assertions of "common sense" that the jail officials abused his constitutional rights by making him climb stairs several days after surgery and requiring him to climb into a top bunk four to five weeks after surgery. Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs. Wilson v. Seiter, 501 U.S. 294, 297 (1991). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Acts of negligence, neglect, or medical malpractice do not give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Moreno has at best alleged negligent actions, which do not give rise to a cause of action under § 1983.

Finally, Moreno contends that the magistrate judge should have allowed him to amend his complaint. Responses at a Spears hearing are considered part of the pleadings on review. Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996). Moreno therefore did have the opportunity to amend his complaint before an answer was filed. He has not shown that the magistrate judge abused her discretion. For

3

the foregoing reasons we hold that the judgment of the magistrate judge is

AFFIRMED.