United States Court of Appeals,

Fifth Circuit.

No. 94-50465.

Danny Ray EASON, Plaintiff-Appellant,

v.

Billy HOLT, et al., Defendants-Appellees.

Jan. 26, 1996.

Appeal from the United States District Court for the Western District of Texas.

Before POLITZ, Chief Judge, and JONES and PARKER, Circuit Judges.

POLITZ, Chief Judge:

Danny Ray Eason, a prisoner in the Texas Department of Criminal justice, Institutional Division, appeals the dismissal of his 42 U.S.C. § 1983 complaint alleging the excessive use of force by various prison officers in the Hobby Unit. Concluding that the district court erred in dismissing the complaint for failure to state a claim, we vacate and remand.

*Background*

Eason, who is proceeding *pro se* and *in forma pauperis,* filed the instant complaint against prison field officer Billy Holt. Eason alleged that on October 13, 1992 while quietly standing in a line waiting to go to work, Holt called his name and told him to stop talking. Holt stood directly in front of Eason, remarked that he was tired of the way Eason was eying him, and grabbed Eason's shirt collar and attempted to throw him to the ground. Eason claimed that Sergeant Craig Hughes and Officers Steve Finley and James Holder then helped Holt shove him down. The officers handcuffed Eason and proceeded to kick him. Eason alleged that he did not provoke the officers and that he posed no threat.

At a *Spears*[1] hearing before the magistrate judge, Eason testified that the excessive use of force caused injuries to his left shoulder and arm, bruises on his legs, and scratches on his back. He described the four officers' involvement in the incident. The magistrate judge, noting that Eason's

---

[1]*Spears v. McCotter,* 766 F.2d 179 (5th Cir.1985).

complaint had named only Holt as a defendant, directed Eason to amend the complaint to add the other officers. Eason complied. The defendants moved to dismiss Eason's complaint under Fed.R.Civ.P. 12(b)(6). The magistrate judge recommended granting the motion to dismiss, finding that Eason had not alleged "any injury whatsoever" in his original or amended complaints and thus had failed to state a legal claim.[2] In a footnote the magistrate judge acknowledged that Eason had alleged some injury at the *Spears* hearing, but concluded that such injury was *de minimis* and therefore did not support the claim. Agreeing that Eason had not identified any injury, the district court adopted the magistrate judge's findings and recommendations and dismissed the complaint with prejudice. Eason timely appealed.

*Analysis*

We review the district court's dismissal of a 12(b)(6) motion *de novo,*[3] accepting all well pleaded averments as true and viewing them in the light most favorable to the plaintiff.[4] Dismissal is not proper unless it appears, based solely on the pleadings, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[5]

To prevail on an eighth amendment excessive force claim, a plaintiff must establish that force was not "applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm," and that he suffered an injury.[6] In basing dismissal of the complaint on its finding that Eason had not alleged injury stemming from the challenged incident, the district court ignored Eason's *Spears* hearing testimony. This appeal presents the question of the proper relationship between *Spears* testimony and filed pleadings.

In *Spears,* we authorized an evidentiary hearing in the nature of a Fed.R.Civ.P. 12(e) motion

---

[2]The magistrate judge relied upon *Jackson v. Culbertson,* 984 F.2d 699 (5th Cir.1993).

[3]*Jackson v. City of Beaumont Police Dept.,* 958 F.2d 616 (5th Cir.1992).

[4]*Hernandez v. Maxwell,* 905 F.2d 94 (5th Cir.1990) (citing *Rankin v. City of Wichita Falls,* 762 F.2d 444 (5th Cir.1985).

[5]*Id.*

[6]*See Hudson v. McMillian,* 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992); *Culbertson.*

for more definite statement, as we confronted the difficulties of selecting meritorious prisoner complaints from the "surfeit of meritless *in forma pauperis* complaints in the federal courts,"[7] and sought an effective way to protect the right of indigent prisoners with valid claims to access to the courts under 28 U.S.C. § 1915.[8] The *Spears* hearing is neither a trial on the merits nor a mini-trial; rather, it aims to flesh out the allegations of a prisoner's complaint[9] to determine whether *in forma pauperis* status is warranted or whether the complaint, lacking an arguable basis in law or fact, should be dismissed summarily as malicious or frivolous under section 1915(d).[10]

The *Spears* hearing grew out of the belief that allowing a district or magistrate judge to question the prisoner regarding the nature of his or her complaint, in a controlled setting,[11] would be more effective than the widely-used tool of sending questionnaires to prisoners for explication of their allegations.[12] Like the questionnaires, we reasoned, a hearing would bring into focus the factual and legal bases of prisoners' claims.[13] In authorizing the hearing in lieu of such questionnaires, we

---

[7]*Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). The Court explained that the cost of filing suit and fear of financial sanctions do not deter frivolous *in forma pauperis* suits.

[8]*See Wilson v. Barrientos,* 926 F.2d 480 (5th Cir.1991).

[9]In *Spears* we suggested that the hearing would help to "dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." 766 F.2d at 180.

[10]*See Neitzke.* Although the initial IFP determination is based solely upon the prisoner's economic status, the court retains the right to revoke IFP status and to dismiss the complaint upon a finding that the complaint is malicious or frivolous. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir.1986), *abrogated in part by Booker v. Koonce,* 2 F.3d 114 (5th Cir.1993). In many cases the court will be able to make this determination without a *Spears* hearing. *See Barrientos.*

[11]*Barrientos,* 926 F.2d at 482. Although "the court may dispense with some of the typical formalities of judicial proceedings," the judge must ensure "that the evidence considered is authentic and reliable[; w]itnesses should be sworn; appropriate cross-examination should be allowed; and documents should be properly identified and authenticated." *Id.* at 483. The judge may also consider the credibility of witnesses to a limited extent. *See Cay.*

[12]*Spears; Watson v. Ault,* 525 F.2d 886 (5th Cir.1976).

[13]*Spears,* 766 F.2d at 181. *See Eason v. Thaler,* 14 F.3d 8, 9 (5th Cir.1994) (referring to *Spears* hearing and questionnaire as the "principal vehicles which have evolved for remedying inadequacy in prisoner pleadings").

emphasized that the questionnaires "do not constitute an independent pleading."[14] Similarly amplifying the allegations in the prisoner's complaint,[15] the *Spears* testimony likewise becomes a part of the total filing by the *pro se* applicant.[16]

The Supreme Court has underscored that a complaint's inadequacy under Rule 12(b)(6) does not signify necessarily that it has raised a wholly insubstantial federal claim warranting section 1915(d) dismissal.[17] Accordingly, the district judge may dismiss a complaint on the basis that it fails to state a claim when the defendant has moved to dismiss the complaint under Rule 12(b)(6).[18] In such circumstances, the *Spears* hearing testimony, modifying the complaint, bears on the evaluation of the legal sufficiency of the claim.[19]

In the instant case, the court properly reached the question whether the complaint failed to state a claim. The court erred, however, in disregarding Eason's relevant testimony during the *Spears* hearing, for that testimony, as it related to essential allegations, was incorporated into the pleadings. Further, the relevant *Spears* testimony remained a part of the pleadings after Eason amended his

---

[14]*Spears,* 766 F.2d at 181. *See Holloway v. Gunnell,* 685 F.2d 150 (5th Cir.1982) (explaining that questionnaire supplemented allegations in complaint).

[15]*See Watson; Jackson v. Vannoy,* 49 F.3d 175 (5th Cir.) (stating that complaint amended by a *Spears* hearing), *cert. denied,* --- U.S. ----, 116 S.Ct. 148, 133 L.Ed.2d 93 (1995); *Adams v. Hansen,* 906 F.2d 192 (5th Cir.1990); *Riley v. Collins,* 828 F.2d 306, 307 (5th Cir.1987) (explaining that *Spears* hearing gave plaintiff opportunity to orally "clarify, amend, and amplify" the written pleadings).

[16]*See Cay,* 789 F.2d at 323 (explaining that "questionnaire is ... made a part of the pleadings").

[17]*Neitzke.* The Court explained that "the failure to state a claim standard of Rule 12(b)(6) and the frivolousness standard of § 1915(d) were devised to serve distinctive goals, and that while the overlap between these two standards is considerable, it does not follow that a complaint which falls afoul of the former standard will invariably fall afoul of the latter." 490 U.S. at 326, 109 S.Ct. at 1832. *See also Moore v. Mabus,* 976 F.2d 268 (5th Cir.1992).

[18]*See Vannoy,* 49 F.3d at 176 ("A complaint, as amended by a *Spears* hearing, may be dismissed pursuant to a Rule 12(b)(6) motion.") (internal citation omitted) (emphasis added).

> Even when a 12(b)(6) motion has been filed, the court must consider the motion apart from its review under section 1915(d). *City of Beaumont.*

[19]*Compare with City of Beaumont* (concluding that summary judgment motion filed the same day as *Spears* hearing did not constitute part of the pleadings for Rule 12(b)(6) review).

complaint,[20] even though the amended complaint itself superseded the original complaint under the well-settled law of this circuit.[21]  This view is both consistent with the *Spears* goal of enabling preliminary determinations to be based upon specific information, and promotes the rubric that we are to construe *pro se* pleadings liberally.[22]  Requiring a new hearing to particularize the prisoner's allegations for every amended complaint would lead to an unacceptable waste of judicial resources. Accordingly, following Eason's *Spears* testimony the pleadings must be taken to include an allegation that the challenged use of force resulted in injury;  dismissal of the complaint therefore was improper.

Finally, we are not persuaded by the magistrate judge's alternate theory for dismissing Eason's complaint, notwithstanding the reference to the *Spears* hearing testimony.[23]  The magistrate judge concluded that any alleged injury was at best *de minimis,* and thus indicated a *de minimis* use of force.  In discounting Eason's allegations of injury, the magistrate judge failed to accept as true, as he must, the complaint's well-pleaded or articulated facts.[24]  The alternative rationale does not provide a basis to support the dismissal of Eason's complaint.

For the foregoing reasons, the judgment of the district court is VACATED and the matter is

---

[20]Ordinarily amendment of the complaint would be unnecessary to incorporate the *Spears* allegations.  Nevertheless, as the magistrate judge explained, the amendment was necessary here to apprise the additional defendants of the specific allegations against them, and to enable these individuals to be served.  *See* Fed.R.Civ.P. 4.

[21]*City of Beaumont.*

[22]*Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[23]Although the district court did not explicitly refer to this rationale, it adopted all the findings and recommendations of the magistrate judge.

[24]*Maxwell.  See also Neitzke,* 490 U.S. at 327, 109 S.Ct. at 1832 ("What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."). We note that in *Hudson v. McMillian* the Supreme Court abrogated the significant injury requirement for excessive use of force claims.  The Court also observed, however, that such claims must allege more than a *de minimis* use of physical force in order to state a *prima facie* case of eighth amendment violation.  We express no opinion whether the objective component of an excessive force claim now requires, in addition to more than a *de minimis* "use of force," a threshold showing of some quantity of injury.  *Compare Hudson,* 503 U.S. at 7, 112 S.Ct. at 999 (concluding eighth amendment does not permit in excessive force context "any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury"), *with Norman v. Taylor,* 25 F.3d 1259 (4th Cir.1994) (*en banc* ) (extrapolating from *de minimis* use of force language in *Hudson* a requirement that plaintiff must show more than *de minimis* injury), *cert. denied,* --- U.S. ----, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995).

REMANDED for further proceedings consistent herewith.

EDITH H. JONES, Circuit Judge, concurring:

I concur in the court's decision to remand this case for further proceedings. The magistrate judge acted too hastily in disposing of the factual disputes by means of a *Spears* hearing and dismissal on the pleadings. Nevertheless, I do not read this opinion to undermine our previous decisions, predicated on *Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), which require proof of injury "albeit significant or insignificant" in order to recover from state actors for their use of unconstitutionally excessive force. *Knight v. Caldwell,* 970 F.2d 1430, 1432 (5th Cir.1992); *Jackson v. Culbertson,* 984 F.2d 699, 700 (5th Cir.1993) (spraying of inmate with fire extinguisher caused no injury and was therefore a de minimis use of physical force not repugnant to the conscience of mankind).