UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50788
Summary Calendar
_____


DANNY RAY EASON,

                                        Plaintiff-Appellant,

                        versus

BILLY HOLT; HUGHES, Sgt.; FINNIELY, C.O. III;
HOLDER, C.O. III

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for the
Western District of Texas
(W-93-CV-65)
_____
April 10, 1997
Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     This case is on appeal for a second time. Danny Ray Eason, a
Texas prisoner, brought a 42 U.S.C. § 1983 action, alleging
excessive use of force by various prison officers, who attacked him
without provocation. The district court dismissed the complaint
for failure to state a claim, finding that Eason had failed to
identify any injury suffered by him as a result of the alleged

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

excessive force.  Eason appealed.  This Court held that the district court erred in disregarding Eason's <u>Spears</u>[1] hearing testimony regarding his injuries and remanded for further proceedings.  <u>Eason v. Holt</u>, 73 F.3d 600 (5th Cir. 1996).

On remand, the defendants moved for summary judgment, arguing among other things, that Eason's injuries were no more than <u>de minimis</u>.  In his response, Eason denied that he did anything to provoke the attack.  Referring to "Plaintiff Original Exhibit B, Eason also asserted that he "had bruise [sic] on top of his left shoulder legs and back."  The referenced exhibit contained Eason's medical records, which indicated that he had sought medical attention for back pain on several occasions.  In another pleading, Eason claimed that he was "still taking pain medication for his back."

The district court granted the defendants' motion for summary judgment, opining that "[t]he summary judgment proof before the Court reveals the only injury to Plaintiff was a `2cm x 1cm' bruise on top of his left shoulder.  In his affidavit in response to Defendants' motion, Plaintiff repeats his claim that he was kicked and beaten, but offers nothing concerning his injuries."

Eason appealed and has filed a motion to proceed <u>in forma pauperis</u> (IFP) in this Court.  Reviewing the district court's grant of summary judgment <u>de novo</u>,[2] we conclude that Eason has created a

---

[1]  <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).

[2]  <u>Hassan v. Lubbock Indept. Sch. Dist.</u>,  55 F.3d 1075, 1079 (5th

fact issue with respect to his injury stemming from the use of force incident.  See Ikerd v. Blair, 101 F.3d 430, 433-35 (5th Cir. 1996).  It appears that the district court did not consider Eason's medical records in support of his injuries.  We therefore must reverse the grant of summary judgment and remand for further proceedings.[3]

Based on the preceding discussion, we are granting Eason leave to proceed IFP.  Applying the rules of the  Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321,[4] Eason should be assessed an initial partial filing fee of $5.25 (twenty percent of $26.26); however, his trust fund account statement indicates a balance of only 11 cents.  28 U.S.C. § 1915(b)(1).  Eason therefore does not have sufficient funds to pay the initial partial filing fee.  The PLRA provides that the appeal is to proceed without the payment of the initial partial filing fee.  28 U.S.C. § 1915(b)(4). The Texas Department of Criminal Justice, Institutional Division, is ORDERED to forward monthly payments of 20 percent of the preceding month's income credited to Eason's prison account to the

---

Cir.), cert. denied, 116 S.Ct. 532 (1995).

[3]  Eason also argues that the district court denied him the opportunity to conduct discovery.  Because Eason has failed to show that the district court abused its discretion, this claim fails. Richardson v. Henry, 902 F.2d 414, 417 (5th Cir.), cert. denied, 498 U.S. 901, 111 S.Ct. 260 (1990).

[4]  Eason's notice of appeal was filed after April 26, 1996, the date on which the President signed the PLRA.  The PLRA applies to this appeal.  See Jackson v. Stinnett, 102 F.3d 132 (5th Cir. 1996).

Clerk of the United States District Court for the Western District of Texas, Waco Division each time the amount of his account exceeds $10 until the filing fee of $105 is paid.

REVERSED AND REMANDED.