IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11288
Conference Calendar

_____

JAMES MONTANYA, JR.,

                                        Plaintiff-Appellant,

versus

CHARLES K. McGRANAHAN, Sergeant,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:98-CV-11
- - - - - - - - - -

June 17, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:*

    James Montanya, Jr., a Texas prisoner (# 593707), has appealed the district court's order dismissing his civil rights complaint as frivolous.  An in forma pauperis complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact.  Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); see Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  This court reviews § 1915(e)(2)(B)(i) dismissals for abuse of discretion.  Siglar, 112 F.3d at 193.

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Montanya argues that the district court erred in dismissing his excessive-force claim as frivolous. "To prevail on an eighth amendment excessive force claim, a plaintiff must establish that force was not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm,' and that he suffered an injury." Eason v. Holt, 73 F.3d 600, 601-02 (5th Cir. 1996) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). The district court did not abuse its discretion in determining that injuries alleged by Montanya were "de minimis." See Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999); Siglar, 112 F.3d at 193.

Montanya's claim that Sergeant McGranahan violated prison regulations during the alleged incidents, besides being raised for the first time on appeal, is not cognizable under § 1983 without allegations that "constitutional minima" were also violated. See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996).

Montanya has abandoned his other claims, such as that his personal belongings were ruined during a shake-down of his cell, by failing to brief them on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(6).

AFFIRMED.