IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40404
Summary Calendar
_____

FREDDY HURLEY,

Plaintiff-Appellant,

versus

ALLEN POLUNSKY, Texas Department of Criminal Justice;
WAYNE SCOTT, Director; Texas Department of Criminal Justice -
Institutional Division; SALVADOR "SAMMY" BUENTELLO, Texas
Department of Criminal Justice - Institutional Division;
GARY L. JOHNSON, DIRECTOR, Texas Department of Criminal
Justice - Institutional Division; TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, STAFF POSITIONS & EMPLOYMENTS, Names
Unavailable,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CV-604
---------------------
September 28, 2000

Before DAVIS, JONES and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Texas state prisoner Freddy Hurley, #453088, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, with prejudice, under 28 U.S.C. § 1915(A) as frivolous and for failure to state a claim upon which relief may be granted.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hurley's pending "motion for emergency order and preliminary injunction" is DENIED.

Hurley asserts that 1) he was entitled to a default judgment because the defendants and their counsel failed to attend the evidentiary hearing held pursuant to Spears v. Mc Cotter, 766 F.2d 179 (5th Cir. 1985); 2) the magistrate judge made improper credibility assessments at the Spears hearing; 3) the district court failed to conduct the required de novo review of the magistrate judge's first report and recommendation; 4) the district court erred in dismissing his claims against supervisory defendants Allen Polunsky, Wayne Scott, and Gary Johnson; 5) he should have been granted an opportunity to ascertain the identities of other unnamed defendants through discovery; and 6) prison officials allowed him to be assaulted by another inmate.

We have reviewed the record and Hurley's brief and conclude that the district court properly dismissed his complaint as frivolous and for failing to state a claim upon which relief may be granted. The defendants did not fail to comply with the magistrate judge's "order setting evidentiary hearing." See Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). The magistrate judge did not use Hurley's prison records to contradict his Spears testimony. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). The district court explicitly stated that it had conducted "a careful de novo review" of each of the magistrate judge's reports and Hurley's objections thereto. See Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). Hurley's claims

against supervisory defendants Polunsky, Scott, and Johnson were properly dismissed. <u>Alton v. Texas A & M University</u>, 168 F.3d 196, 200 (5th Cir. 1998). Furthermore, Hurley has not shown that he should have been granted an opportunity to ascertain the identities of other unnamed defendants. <u>See</u> <u>Jones v. Greninger</u>, 188 F.3d at 327. Finally, Hurley's contention that prison officials allowed him to be assaulted by another inmate was not presented to the district court and is not considered. <u>See</u> <u>Theriot v. Parish of Jefferson</u>, 185 F.3d 477, 491 n.26 (5th Cir. 1999), <u>cert. denied</u>, 120 S. Ct. 2004 (2000).

Hurley's appeal is without merit and therefore frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. <u>See</u> 5TH CIR. R. 42.2. The district court's dismissal of the present case and our dismissal of this appeal count as two strikes against Hurley for purposes of 28 U.S.C. § 1915(g). <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 385-88 (5th Cir. 1996). We caution Hurley that once he accumulates three strikes, he may not proceed <u>in</u> <u>forma</u> <u>pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED; MOTION DENIED.