IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10111
Conference Calendar
_____

VINCENT LOUIS HAYNES,

                                        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-1326-R
--------------------
June 14, 2001

Before   WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Vincent Haynes appeals the dismissal of his complaint, filed pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., alleging claims of false arrest and false imprisonment stemming from his arrest and conviction for cocaine possession with the intent to distribute.  Haynes argues that the district court erred in dismissing the complaint because the court did not apply state law to his claims and it did not instruct him, a pro se litigant, to amend his complaint.  He further argues that the

---

    [*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court did not rule on his motion for preliminary injunction.

We review de novo a district court's dismissal of a plaintiff's case on the pleadings pursuant to Fed. R. Civ. P. 12(b)(6).  See Eason v. Holt, 73 F.3d 600, 601 (5th Cir. 1996).

Dismissal of the complaint was appropriate.  Because resolution of this action would necessarily affect the validity of Haynes' conviction and sentence, Heck v. Humphrey, 512 U.S. 477 (1994) mandates dismissal since no cause of action accrues unless and until Haynes can show that his conviction has been declared invalid.

Haynes' argument that the district court erred in not instructing him to amend his complaint is raised for the first time on appeal, and, therefore, we do not consider it.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 528 U.S. 1138 (2000).  Haynes' arguments concerning the application of respondeat superior to his claims are likewise not entertained, having also been raised for the first time on appeal.

Haynes' motion for preliminary injunction was made moot by the district court's dismissal of his complaint. See Louisiana World Exposition, Inc., v. Logue, 746 F.2d 1033, 1038 (5th Cir. 1984).  The decision of the district court is AFFIRMED.