IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-20508
Summary Calendar
_____

JAMES EDWARDS WILLIAMS,

Plaintiff-Appellant,

versus

WAYNE SCOTT, Director, Texas Department of Criminal Justice, Institutional
Division; GARY L. JOHNSON, Director, Texas Department of Criminal Justice,
Institutional Division; DR. MICHAEL WARREN; TEXAS TECH; ART MOSLEY;
JOHN GILBERT; TIMOTHY REVELL; DESSIE F. CHERRY; GROVER W.
GOODWELL, JR.; WILLIE ADAMSON, Captain; REGINALD M. SIMS; EDWARD
E. MCELYEA; D. D. SANDERS; S. O. WOODS; RANDY MCVEY; PEGGY L.
GILMORE; MICHAEL JONES; KANA ASBATHY; CYNTHIA COBERLY;
DEBORAH MYRICK; PHILBERT CORDOVA; TOMMY KILE; MICHAEL
HOOTEN; GERALD W. DAVIS; JIMMY BOWMAN; CHARLES ELLINBURG,
Captain; J. R. GABBARD,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-3665
_____

May 6, 2002

Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

James Edwards Williams appeals an adverse summary judgment, on remand from this court, dismissing his civil rights complaint. We previously vacated in part the district court's judgment dismissing his civil rights complaint and remanded for further proceedings.[1]

Williams contends that the defendants violated his privilege against cruel and unusual punishment under the eighth amendment by refusing to provide him with knee surgery. The eight amendment proscribes medical care that is "sufficiently harmful to evidence deliberate indifference to serious medical needs."[2] A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."[3] "Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs."[4] At most, the summary judgment evidence shows that

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] See Williams v. Scott, No. 98-21149 (5th Cir. Mar. 8, 2000).

[2] Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

[3] Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

[4] Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

2

Williams disagreed with the treatment provided by the defendants and not that the defendants acted with deliberate indifference to his need for knee surgery.

Williams contends that the defendants acted with deliberate indifference to his medical condition by assigning him to housing above ground level during certain periods in 1996. During those periods, Williams' medical restrictions did not require that he be housed on the ground floor. Accordingly, the defendants did not act with deliberate indifference to his medical needs.

On remand, the district court considered whether the defendants had acted with deliberate indifference to Williams' medical needs by assigning him to an upper bunk and to an upper row in October 1996. Williams has waived this claim on appeal by failing to brief the issue.[5] Williams also asserts that he was wrongly housed on the second row at the Clements Unit in September 1998. Because this claim involves facts arising after the filing of Williams' amended complaint, it is beyond the scope of our remand order. Additionally, we rejected Williams' claim regarding retaliatory prison disciplinary proceedings in our prior opinion and that issue is beyond the scope of our remand order.[6]

---

[5] Fed. R. App. P. 28(a)(4); see also Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (arguments are abandoned on appeal if not briefed).

[6] Williams, No. 98-21149; see also Eason v. Thaler, 73 F.3d 1322, 1329 (5th Cir. 1996).

Williams further asserts that the defendants used excessive force by spraying him in the face with pepper spray after he refused to move to another cell. We are not persuaded. Williams has failed to demonstrate that there are genuine issues of material fact as to whether the force applied by the defendants was "not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm,' and that he suffered an injury."[7]

Accordingly, the judgment of the district court is AFFIRMED.

---

[7] Eason v. Holt, 73 F.3d 600, 601-02 (5th Cir. 1996) (quoting Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).