United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41430
Summary Calendar

RANDLE JACKSON, III

Plaintiff - Appellant

v.

BRIAN G COLLINS, Correctional Sergeant at Telford Unit;
RODNEY L COOPER, Warden at Telford Unit; GARY L GRAY,
Correctional Captain at Telford Unit; BRIAN W RODEEN;
DAVID W SMITH, Correctional Sergeant at Telford, Individually;
FLOYD W WEATHERLY, Correctional Officer at Telford, Individually
and in official capacity

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:01-CV-260
--------------------

Before KING, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Randle Jackson, III, Texas prisoner No. 735701, has appealed

the district court's grant of summary judgment and dismissal with

prejudice of a civil rights complaint alleging Eighth Amendment

violations and challenging a prison disciplinary proceeding as

violative of principles of due process.  We review the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's grant of summary judgment <u>de novo</u>.  <u>Melton v. Teachers Ins. & Annuity Ass'n of Am.</u>, 114 F.3d 557, 559 (5th Cir. 1997).

After reviewing the record, we conclude that Jackson's sworn testimony at a hearing before a magistrate judge establishes that there are disputed material facts concerning Jackson's claims that Sergeants Smith, Sergeant Collins, and Officer Weatherly subjected Jackson to excessive force.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Eason v. Holt</u>, 73 F.3d 600, 602–03 (5th Cir. 1996).  Accordingly, we vacate the judgment as to those defendants.  Because the district court dismissed Jackson's claims that Warden Cooper and Assistant Warden Rodeen failed to protect Jackson based on the court's determination that Jackson was a not victim of excessive force, we vacate the dismissal of Jackson's Eighth Amendment claims against those defendants.

Jackson's claims concerning the procedures used at a prison disciplinary hearing are barred under the doctrine of <u>Heck v. Humphrey</u>[**] because they implicate the validity of his disciplinary conviction.  We therefore affirm the entry of summary judgment with regard to Jackson's claims that prison disciplinary proceeding violated principles of due process.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.

---

[**] 512 U.S. 477 (1994).