# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2013

No. 12-40153

Lyle W. Cayce
Clerk

KELDRIC THOMAS,

Plaintiff–Appellant,

v.

DAN JOSLIN, Warden, Three Rivers; GREG OLSEN, Food Service Administrator; FRIDA, Food Service Supervisor; BUREAU OF PRISONS, FEDERAL CORRECTIONAL INSTITUTION THREE RIVERS; BEAUMONT MEDICAL DEPARTMENT; UNITED STATES OF AMERICA,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CV-00131

Before HIGGINBOTHAM, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Keldric Walker Thomas, federal prisoner #30757-177, appeals the magistrate judge's grant of summary judgment. Because Thomas did not satisfy the exhaustion requirement, we affirm the grant of summary judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40153

## I

On May 2, 2009, Thomas was severely burned by cooking oil while working in the kitchen at the Federal Correctional Institution (FCI) in Three Rivers, Texas. After undergoing "intensive rehabilitation," Thomas was returned to FCI Three Rivers almost a year later. He was later transferred to the low security FCI in Beaumont, Texas, where he remains.

In 2011, Thomas filed a *Bivens*[1] action against Dan Joslin, the warden of FCI Three Rivers at the time of the alleged incident; Greg Olsen, the food service administrator at FCI Three Rivers; and Officer Frida, a food service supervisor (collectively, Defendants).[2] As fleshed out at a *Spears* hearing,[3] Thomas alleged that Frida had ordered him to assist with changing the oil in the deep fryer. This process involved emptying the large volume of oil in the fryer into smaller mixing bowls. Thomas alleged that such a request was deliberately indifferent to Thomas's safety because Frida knew that the oil was still hot, there were no mats surrounding the fryer to prevent slipping, and the use of smaller mixing bowls was inherently dangerous. Thomas further asserted that Joslin and Olsen knew of these unsafe working conditions but failed to remedy them.

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] Thomas also named the Beaumont Medical Department as a defendant, alleging that it had failed to provide adequate medical care for his serious burns, but those claims were severed and transferred to the Beaumont Division of the Eastern District of Texas and are not part of the instant appeal. Additionally, Thomas named the "Bureau of Prisons (BOP) Three Rivers" as a defendant, alleging that it failed to provide a safe work place. The magistrate judge dismissed Thomas's constitutional claims against the United States and its agencies for lack of jurisdiction. The magistrate judge then replaced the BOP with the United States as the proper defendant for Thomas's Federal Tort Claims Act (FTCA) claim. Finally, the magistrate judge dismissed the FTCA claim for lack of subject matter jurisdiction and for failure to state a claim. Thomas does not appeal those dismissals.

[3] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

No. 12-40153

The Defendants filed a motion for summary judgment asserting that Thomas failed to exhaust administrative remedies. The BOP provides an administrative remedy program by which inmates can present a complaint, and the Defendants argued that Thomas neither timely commenced nor completed that program. In opposition to the motion, Thomas argued that he had been physically unable to timely present his complaint. He also argued that exhaustion should be excused because once he was well enough to pursue legal action, FCI Beaumont officials prevented him from timely filing for administrative remedies. Thomas and the Defendants consented to proceed before a magistrate judge.

The magistrate judge found "[t]here [was] little question that [Thomas] would have been entitled to tolling of the administrative deadlines while he was too injured to complete the paperwork." The magistrate judge also found that a fact issue remained as to whether Thomas had attempted to exhaust his administrative remedies but was hindered such that exhaustion should be excused. However, the magistrate judge nonetheless granted the Defendants' motion for summary judgment because Thomas's "grievances [did] not place prison officials on notice about his complaints at FCI-Three Rivers." There was no evidence that Thomas had ever filed a grievance that identified the Defendants or "alleg[ed] that the working conditions or procedures at FCI-Three Rivers violated his constitutional rights;" accordingly, the magistrate judge reasoned that prison officials never had fair notice of the complaint or an opportunity to address it.

Thomas timely filed a motion to vacate the judgment, which the magistrate judge denied. Thomas now appeals.

No. 12-40153

## II

We review a grant of summary judgment de novo.[4]  "When reviewing a summary judgment, we construe all the evidence and reasonable inferences in the light most favorable to the nonmoving party."[5]  Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6]

## III

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[7]  Accordingly, a federal prisoner must first exhaust inmate-grievance-procedures before filing a *Bivens* complaint.[8]

The purpose of exhaustion is to give "officials time and opportunity to address complaints internally."[9]  Therefore, in order to satisfy the exhaustion requirement, an inmate's grievances must provide sufficient detail such that prison officials have "fair notice" of the issue that will form the basis of the inmate's suit.[10]  The amount of detail required in a given case will "depend to

---

[4] *Cambridge Integrated Servs. Grp. v. Concentra Integrated Servs., Inc.*, 697 F.3d 248, 253 (5th Cir. 2012).

[5] *Id.*

[6] FED. R. CIV. P. 56(a).

[7] 42 U.S.C. § 1997e(a).

[8] *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

[9] *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004) (quoting *Porter*, 534 U.S. at 525) (internal quotation marks omitted).

[10] *Id.* at 516-17.

some degree on the type of problem about which the inmate is complaining."[11] As this court explained,

> If an inmate claims that a guard acted improperly, we can assume that the administrators responding to the grievance would want to know—and a prisoner could ordinarily be expected to provide—details regarding who was involved and when the incident occurred, or at least other available information about the incident that would permit an investigation of the matter.[12]

Here, Thomas's suit concerns the alleged deliberate indifference of specific officials and specific unsafe working conditions at FCI Three Rivers. BOP officials would have wanted to know—and Thomas could have provided—the conditions, actions, or omissions of which he complained. However, Thomas's grievances describe only the lack of medical attention at FCI Beaumont. In his response to the motion for summary judgment, Thomas attached a copy of an informal-resolution-attempt form in which he stated that he was "not getting the adequate or proper medical care in regards to burns [he] sustained last year at the Three Rivers prison while working in the kitchen." In another request for administrative remedy, Thomas reiterated his complaint by emphasizing that he was "not getting adequate or proper medical care" and that he was "suffering mentally and physically because of not being adequately treated medically." Then in an appeal to the regional office, Thomas once again complained that he was "being denied reasonable and adequate medical care." Accordingly, Thomas's grievances failed to put BOP officials on notice that he intended to sue concerning alleged indifference to known dangers and unsafe working conditions at FCI Three Rivers.

---

[11] *Id.* at 517.

[12] *Id.*

No. 12-40153

Thomas argues that the exhaustion requirement should be waived because FCI Beaumont officials ignored and interfered with his attempts to engage in the BOP's administrative remedy program.  In *Woodford v. Ngo,*[13] however, the Supreme Court held that under the PLRA "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory."[14]  The extent to which exceptions to the PLRA's exhaustion requirement survive *Woodford* is unclear; *Woodford* explicitly declined to address the extent to which the failure to properly exhaust could be excused.[15]  In particular, the Court declined to address the very situation Thomas alleges here: where prison administrators do not create or retain grievance systems that provide "a meaningful opportunity for prisoners to raise meritorious grievances."[16]

Nevertheless, the magistrate judge did not err by granting summary judgment because even if FCI Beaumont officials made administrative remedies unavailable to Thomas, Thomas did not raise the incident at FCI Three Rivers when he had the opportunity to file an administrative remedy request. Accordingly, Thomas failed to exhaust because his grievances insufficiently notified the BOP of the conditions at FCI Three Rivers, which were the subject of his suit.

\* \* \*

For the foregoing reasons, we AFFIRM the magistrate judge's grant of summary judgment.

---

[13] 548 U.S. 81 (2006).

[14] *Woodford*, 548 U.S. at 85 (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)); *see also Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (per curiam) ("District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.").

[15] *See Woodford*, 548 U.S. at 102-03.

[16] *Id.* at 102.