# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31015
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2015

Lyle W. Cayce
Clerk

DONALD RAY VICKS,

Plaintiff - Appellant

v.

ROBERT TANNER, Warden; KEITH BICKHAM, Assistant Warden; JOHNNY GERALD, Assistant Warden,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-4773

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In his *pro se* 42 U.S.C. § 1983 complaint, Donald Ray Vicks, Louisiana prisoner # 397218, challenged, *inter alia*, prison officials' refusal to exempt him from a policy requiring inmates housed in extended lockdown to wear mechanical restraints on their arms and legs during their weekly five hours of outdoor exercise. Vicks, who is HIV-positive and diabetic, asserted: his

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-31015

medical conditions necessitated more vigorous exercise than the restraints permit; therefore, defendants' refusal to exempt him from the restraints policy constituted cruel and unusual punishment under the Eighth Amendment.

The district court granted summary judgment against Vicks' claims. Proceeding *pro se*, he contests the court's:  granting summary judgment; refusing to conduct a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 (1989); and denying his motion to appoint counsel.

A summary judgment is reviewed *de novo*, "using the same standard as that employed by the district court".  *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).  Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law".  Fed. R. Civ. P. 56(a).  To establish an Eighth Amendment violation based on the conditions of his confinement, Vicks must show:  the deprivation alleged was "sufficiently serious[,] . . . result[ing] in the denial of the minimal civilized measure of life's necessities"; and, defendants acted with "deliberate indifference to [his] health or safety".  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).  To show a "sufficiently serious" deprivation, Vicks must prove "he is incarcerated under conditions posing a substantial risk of serious harm".  *Id.*

"Although deprivation of exercise is not per se cruel and unusual punishment, in particular circumstances 'a deprivation may constitute an impairment of health forbidden under the eighth amendment.'"  *Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir. 1982) (quoting *Miller v. Carson*, 563 F.2d 741, 751 n.12 (5th Cir. 1977)), *amended in part, vacated in part on other grounds*, 688 F.2d 266 (5th Cir. 1982).  Vicks contends his inability to exercise

2

unrestrained unconstitutionally impairs his health, which he asserts has rapidly declined.

Vicks presents no evidence, however, of a nexus between any deterioration of his health and defendants' enforcement of the out-of-cell restraints policy.  A plaintiff's "unsubstantiated assertions" do not suffice to demonstrate the existence of a genuine dispute of material fact.  *See, e.g.*, *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).  Moreover, in district court, defendants presented uncontested evidence that Vicks' range of permitted exercise is limited to walking because his required medication regimen makes him especially susceptible to heat-related illnesses caused by overexertion.  Vicks did not dispute defendants' assertion that he is able to walk in full restraints.

Vicks fails to show defendants' refusal to exempt him from the out-of-cell restraints policy during exercise periods poses a substantial risk of serious harm or unconstitutionally impairs his health.  *See Farmer*, 511 U.S. at 834; *Ruiz*, 679 F.2d at 1152.  Accordingly, no genuine dispute of material fact exists in relation to his Eighth Amendment claim; summary judgment in favor of defendants was proper.  *See McFaul*, 684 F.3d at 571.

The court's refusal to conduct a *Spears* hearing is reviewed for abuse of discretion.  *See Payne v. Parnell*, 246 F. App'x 884, 890–91 (5th Cir. 2007).  A *Spears* hearing is designed to "flesh out the allegations of a prisoner's complaint to determine whether . . . the complaint, lacking an arguable basis in law or fact, should be dismissed summarily as malicious or frivolous".  *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996) (footnote omitted).  Vicks' complaint presented more than "conclusional allegations", set out "exactly what scenario [he] claims occurred", and identified clearly "the legal basis for the claim".  *Spears*, 766 F.2d at 180.    Therefore, his complaint demonstrated his

No. 14-31015

constitutional claim, although lacking merit, was not frivolous. *See Eason*, 73 F.3d at 602. Consequently, the court did not abuse its discretion in failing to conduct a *Spears* hearing.

Similarly, we find no abuse of discretion in the district court's denying Vicks' motion to appoint counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982). Vicks' complaint advanced a single, straightforward constitutional claim that was properly dismissed by summary judgment, thereby precluding a trial. Accordingly, appointment of counsel would not have advanced the administration of justice. *See id.* at 213.

AFFIRMED.