# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2023

Lyle W. Cayce
Clerk

No. 22-40719
Summary Calendar

———————————

Jarvis Livingston,

*Plaintiff—Appellant*,

*versus*

State of Texas; John Doe Lopez, *In his personal capacity*; Jane Doe Mendoza, *In her personal capacity*; John Doe, *Assistant District Attorney, In his personal capacity*; Karl Van Slooten, *In his personal capacity*; City of Yoakum; Anita R. Rodriguez; Carl O'Neill; Sean Mooney; Glenn Klander; Billy Goodrich; Amanda Orack; Frank Rhodehamel,

*Defendants—Appellees*.

———————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:21-CV-7

———————————

Before Davis, Smith, and Douglas, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40719

Plaintiff-Appellant, Jarvis Livingston, proceeding pro se and in forma pauperis, appeals the district court's summary judgment in favor of Defendants-Appellees, police officers with the City of Yoakum Police Department, dismissing his 42 U.S.C. § 1983 claims for false arrest and excessive force. For the reasons set forth below, we AFFIRM.

**I.**

During a *Spears*[1] hearing conducted by the magistrate judge, Plaintiff testified to the following: On July 6, 2019, Plaintiff's brother and cousin got into "an argument" while they were visiting an aunt's residence in Yoakum, Texas. Someone placed a 911 call and reported that "there was a fight [going on]." When the police arrived, Plaintiff told his brother that he wanted to go home once his brother finished talking with the police. "[T]hen . . . [Officer Sarah] Mendoza proceeded to grab [Plaintiff's] wrist," so Plaintiff "pulled [his] wrist back" and asked why Mendoza was touching him when he had not done anything wrong. Minutes later, two other male officers (Officers Lopez and Rhodehamel) arrived on the scene. Each officer grabbed one of Plaintiff's arms, and one grabbed his neck, and told him to get on the ground, telling him he was not under arrest but that he was being detained. Plaintiff resisted getting on the ground because he had not "done anything wrong." The officers then took him to the police car, told him he was "going to jail," and then slammed the door and took him to the county jail.

---

[1] *Spears v. McCotter*, 766 F.2d 179, 183 (5th Cir. 1985) (allowing a district court to refer in forma pauperis cases to a magistrate judge "to hold an evidentiary hearing 'in the nature of a motion for more definite statement'"). Testimony given at a *Spears* hearing is incorporated into the pleadings. *Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996).

No. 22-40719

Plaintiff was charged with resisting arrest and public intoxication and was bonded out the next day.[2]  He testified that he believed his arrest was unlawful and that the officers used excessive force during the incident in violation of his constitutional rights.  At the conclusion of the hearing, Plaintiff testified that he was seeking thirty million dollars as damages.

The magistrate judge subsequently recommended that Plaintiff's claims of false arrest and excessive force be stayed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), because the related criminal cases were still pending.  The magistrate judge recommended that any remaining claims be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) as frivolous, for failure to state a claim, and based on immunity.

After the related criminal cases were dismissed, Plaintiff filed a motion to lift the stay, which the magistrate judge granted.  After answering the complaint, Defendants filed a motion for summary judgment, arguing that Plaintiff's claims should be dismissed on the basis of qualified immunity.  The district court granted the motion.

In granting summary judgment, the district court largely relied on the patrol vehicle recordings of the incident which revealed the following:  When Officer Mendoza arrived on the scene, Plaintiff was walking towards the area where Officer Rhodehamel was questioning Plaintiff's brother about the 911 call.  The manner in which Plaintiff was approaching the men was clearly troubling to Officer Mendoza because, after exiting her vehicle, she walked towards Plaintiff, attempting to stop his movement and repeatedly instructed him to "calm down."  The recordings further indicate that a scuffle then

---

[2] Plaintiff's lawyer told him the resisting arrest charge had been dismissed, but in January 2021, Plaintiff was informed that the charge had apparently been changed to "interfering with police duties."

ensued between Plaintiff and Defendants.  During the scuffle, Plaintiff continued to resist Defendants' efforts to calm him down by moving wildly and repeatedly yelling at them.

After much effort, Defendants were able to handcuff Plaintiff and move him near a patrol car.  When Plaintiff complained that the handcuffs were too tight, Officer Lopez loosened them, but Plaintiff continued to be belligerent and noncompliant.  Although at one point, Plaintiff appeared to calm down, his change in behavior was short lived.  Officers Lopez and Mendoza ultimately informed Plaintiff that he was being arrested for public intoxication.  Plaintiff challenged his arrest, stating that he had "not [been] tested," but Officer Mendoza responded that Plaintiff did not need to be tested under the circumstances because his behavior and the way he was talking to them supported his arrest for public intoxication.  She additionally stated that she could smell alcohol during her interactions with him.

After being informed that he was being arrested for public intoxication, Plaintiff continued to resist Defendants' efforts to place him in the patrol car.  But, after one officer called for use of the WRAP restraint system, Plaintiff began to cooperate and entered the patrol car.  However, after entering the car, Plaintiff continued to resist by refusing to put his legs in the car.  Officer Lopez had to grab Plaintiff's legs and push Plaintiff into the patrol car.  Because of his continued resistance, Officer Lopez subsequently filled out a probable cause affidavit for placing Plaintiff in the Lavaca County Jail for resisting arrest or transport under Texas Penal Code § 38.03(a).

Based on this evidence, and its determination that Plaintiff was unable to come forward with evidence creating a genuine dispute that his constitutional rights had been violated, the district court concluded that

No. 22-40719

Defendants were entitled to summary judgment under the first prong of the qualified immunity analysis.  Plaintiff filed a timely notice of appeal.

## II.

This Court reviews the district court's summary judgment de novo applying the same standards as the district court.  *Buehler v. Dear*, 27 F.4th 969, 979 (5th Cir. 2022).  Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  However, the usual summary-judgment burden of proof does not apply when a defendant moves for dismissal based on qualified immunity.  "Although nominally an affirmative defense, the plaintiff has the burden to negate the defense once it is properly raised." *Tucker v. City of Shreveport*, 998 F.3d 165, 173 (5th Cir. 2021) (citation omitted).

Qualified immunity shields federal and state officials from money damages unless a plaintiff can establish that (1) the official violated a statutory or constitutional right, and (2) the right was clearly established at the time of the challenged conduct.  *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).  Courts have the "discretion to decide which of the two prongs of qualified-immunity analysis to tackle first."  *Id.* (citation omitted).  In this case, the district court determined that Defendants were entitled to qualified immunity under the first prong because Plaintiff was unable to establish a genuine dispute that his Fourth Amendment rights were violated.  As explained below, we agree.

### A. False Arrest

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  A warrantless arrest is a reasonable seizure "if the

5

officer has probable cause to believe that the suspect committed a crime in the officer's presence." *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (citation omitted). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) (citation omitted). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

Here, Plaintiff was arrested on charges of public intoxication and resisting arrest. Under Texas law, a person commits the offense of public intoxication "if the person appears in a public place while intoxicated to the degree that the person may endanger the person or another." Tex. Penal Code § 49.02(a). A person commits the offense of resisting arrest, search, or transportation under Texas law "if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another." Tex. Penal Code § 38.03(a).

As the district court determined, the record evidence in this case establishes that, based on the facts known to Defendants on the night of the incident, Defendants had probable cause to arrest Plaintiff for public intoxication and resisting arrest.[3] Specifically, the patrol car recordings make

---

[3] Under Supreme Court precedent, the existence of probable cause for any offense is sufficient to defeat a claim of false arrest, even if the offense giving rise to probable cause is different from "the offense identified by the arresting officer at the time of arrest." *See Devenpeck*, 543 U.S. at 153. Although not specifically discussed herein, we agree with the district court that probable cause also existed to arrest Plaintiff for the crimes of

clear that when Officer Mendoza arrived on the scene, the manner in which Plaintiff was approaching Officer Rhodehamel, who was questioning Plaintiff's brother, was clearly troubling to Officer Mendoza. When she exited her vehicle, she attempted to stop Plaintiff's movement and repeatedly instructed him to "calm down." During the subsequent scuffle between Plaintiff and Defendants, Plaintiff continued to resist Defendants' efforts to calm him down by moving wildly and repeatedly yelling at them. After being handcuffed (after much effort) and informed that he was being arrested for public intoxication, Plaintiff resisted Defendants' efforts to place him in the patrol car. Once he did enter the patrol car, Plaintiff continued to resist by refusing to put his legs in the car.

We agree with the district court that based on Plaintiff's behavior and demeanor, Plaintiff was a danger to himself or others as a result of intoxication and that Defendants had probable cause to arrest him for public intoxication. *See* TEX. PENAL CODE § 49.02(a). We further conclude that after being informed of his arrest for public intoxication, Plaintiff resisted getting into the patrol car and that probable cause existed to arrest him for resisting arrest and transport in violation of Texas Penal Code § 38.03(a).

Plaintiff contends in his appellate briefing that during the incident, he was only "verbally resistant," that he was just trying to stop Officer Rhodehamel from "being rude to [his] little brother," and that he was exercising his First Amendment right to speech. As set forth above, the patrol car recordings of the incident indicate otherwise. They make clear that Plaintiff was more than "verbally resistant." The video recording shows that Plaintiff physically resisted Defendants' requests to calm down and that it

---

interference with public duties and disorderly conduct under Texas law. *See* TEX. PENAL CODE §§ 38.15(a)(1), 42.01(a)(1).

took considerable physical effort for Defendants to gain control of Plaintiff. Plaintiff's behavior was irrational, belligerent, combative, and noncompliant. Although Plaintiff contends that he did nothing wrong, we are not required to accept factual allegations "that are 'blatantly contradicted'" by video and audio recordings taken at the scene. *Buehler*, 27 F.4th at 979-80 (citation omitted). We conclude that the district court did not err in determining that Defendants are entitled to summary judgment under the first prong of the qualified immunity analysis because Plaintiff was unable to show his Fourth Amendment rights were violated when Defendants arrested him.

### B. Excessive Force

To succeed on an excessive force claim, Plaintiff must demonstrate that he suffered "(1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable." *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (internal quotation marks and citations omitted). The district court determined that Plaintiff was unable to establish any of these elements.

Plaintiff makes no argument challenging the district court's determination regarding the elements of his excessive force claim until his reply brief.[4] And, even then, Plaintiff does not challenge the district court's determination that he was unable to show "an injury" for purposes of an excessive force claim. Although we liberally construe pro se briefs, even pro se litigants must brief arguments in order to preserve them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Therefore, Plaintiff has waived the issue whether he established "an injury" by failing to brief it on appeal.

---

[4] Ordinarily, arguments raised for the first time in a reply brief are considered waived. *See City of Abilene v. U.S. E.P.A.,* 325 F.3d 657, 661 n.1 (5th Cir. 2003).

No. 22-40719

## III.

Based on the foregoing, the district court's summary judgment in favor of Defendants-Appellees, police officers with the City of Yoakum Police Department, dismissing Plaintiff's 42 U.S.C. § 1983 claims for false arrest and excessive force is AFFIRMED.