Kenneth Lance **RILEY,**
Plaintiff-Appellant,

v.

Joe **COLLINS,** Defendant-Appellee.

No. 87–2169
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 29, 1987.

Harry H. Walsh, III, Huntsville, Tex., for plaintiff-appellant.

Jim Mattox, Atty. Gen., Michael P. Hodge, Asst. Atty. Gen., Austin, Tex., for defendant-appellee.

Before GEE, GARWOOD and JONES, Circuit Judges.

PER CURIAM:

Riley, a state prisoner confined in the Texas department of corrections, appeals the dismissal of his civil rights action. His pro se pleading asserts that the defendant, a prison psychologist, falsely and maliciously diagnosed him as suicidal so as to cause him to be confined in a "strip cell," where the cold aggravated his asthma. After such a hearing as is suggested in *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), the district court concluded that Riley's actual complaint was one of "simple medical negligence." At the *Spears* hearing, Riley was "given an opportunity to state his best case, to state the specifics of his case and to otherwise clarify, amend and amplify his written pleadings." It was after he had done so that the court determined that no more than negligence was claimed, at most—a claim that does not state an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Before us, Riley advances only the allegations of his complaint, ignoring what transpired at the *Spears* hearing. Upon the basis of that hearing, however, the trial court made the determinations stated above, determinations of a factual nature regarding the character of Riley's claim. These supersede the allegations of his pleading, and we cannot review them because Riley has furnished us no transcript of the hearing. The order of dismissal must therefore be

AFFIRMED.