# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2010

No. 10-10280
Summary Calendar

Lyle W. Cayce
Clerk

DAVID FLORES, JR.,

Plaintiff-Appellant

v.

BRAD LIVINGSTON, Director Texas Department of Criminal Justice-ID; DAVID E. FONDREN, Smith Unit Assistant Warden; FRED C. EARLY, Smith Unit Assistant Warden; ARLENE A. FRANCO, Smith Unit Major Supervisor; ROBERTO R. GUTIERREZ, Smith Unit Captain Supervisor; DAVID ARELLANO, Sergeant Supervisor Smith Unit; SYLVIA C. SAUSEDA, Sergeant Supervisor Smith Unit; JEFFREY NARBAEZ, Sergeant Supervisor Montford Unit; OLIVER VASQUEZ, Correctional Officer Smith Unit; SHANE MARTINEZ, Smith Unit Facility Health Administrator,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:09-CV-171

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10280

David Flores, Jr., Texas prisoner # 1350652, appeals from the magistrate judge's judgment, partially dismissing his civil rights complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b) and 42 U.S.C. § 1997e(c). Our review is de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (2005).

Flores raises a number of claims in his appellate brief that were not addressed at the *Spears*[1] hearing, including: (1) conspiracy and "cover-up" to violate his civil rights, (2) denial of access to courts, (3) denial of freedom of speech, (4) denial of Freedom of Information/Privacy Act, and (5) punitive use of mechanical restraints or handcuffs for non-punitive past conduct. Because Flores did not raise these allegations at the *Spears* hearing, they were not properly before the magistrate judge and will not be addressed on appeal. *See Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (allegations at *Spears* hearing supersede allegations of complaint).

Flores challenges the MJ's dismissal of his claims of deliberate indifference to serious medical needs. The Supreme Court has adopted "subjective recklessness as used in the criminal law" as the appropriate test for deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 839-41 (1994). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. A delay in treatment does not violate the Eighth Amendment unless there has been deliberate indifference that results in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Flores has not shown that the magistrate judge erred in dismissing his deliberate indifference claims against Vasquez, Narbaez, Sauseda, Arellano, and Fortner because Flores's allegations do not reflect that

---

[1] *Spears v. McCotter*, 766 F.2d 179 (1985).

any delay in his receipt of medical treatment for his wrists, shoulder, or tooth resulted in substantial harm. *See id.*

Although the magistrate judge allowed Flores's retaliation claim against Fortner to proceed, Flores's brief nonetheless addresses the issue of retaliation, arguing that the magistrate judge should have addressed his retaliation claim with respect to all of the named defendants and in light of the totality of the circumstances and the evidence supporting his "allegations of complicity and cover-up." Because Flores did not allege a retaliation claim at the *Spears* hearing against any defendant besides Fortner, the magistrate judge did not err in declining to address a claim of retaliation against any other defendant. *See Riley*, 828 F.2d at 307.

Flores argues that his rights to due process and equal protection were violated when officers failed to adequately investigate the incident at the time that it happened and during the grievance process. Flores had no constitutionally protected interest in having his grievances resolved to his satisfaction. *See Geiger*, 404 F.3d at 373-74. Even if Flores had a constitutional right to an impartial investigator during the grievance process, Flores's claims of impartiality are conclusional. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

"[A] violation of equal protection occurs only when the government treats someone differently than others similarly situated . . . ." *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988). Flores did not allege that he was treated differently from similarly situated prisoners with respect to the investigation of the incident or of the grievances or that the defendants engaged in purposeful discrimination; thus, his complaint failed to state an equal protection claim, and the magistrate judge did not err in dismissing this claim.

Flores challenges the magistrate judge's dismissal of his failure-to-train/supervise claims. The plaintiff must demonstrate the personal involvement of the defendant in the denial of constitutional rights or a causal

No. 10-10280

link between the defendant's conduct and the deprivation. *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005). For a supervisor to be liable under § 1983, the plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts to deliberate indifference to the plaintiff's constitutional rights. *Id.* Flores's allegations do not reflect that a failure to train or supervise amounted to deliberate indifference. *See Roberts*, 397 F.3d at 292.

Flores argues that TDCJ-CID has improperly classified him as a member of a Security Threat Group in violation of his constitutional rights. A prisoner has no liberty interest in his custodial classification. *See Hernandez v. Velasquez*, 522 F.3d 556, 562-64 (5th Cir. 2008). Flores's allegations concerning his detention in administrative segregation do not come close to the allegations in *Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005), in which the Supreme Court held that the conditions in Ohio's "Supermax" facility were so restrictive that a liberty interest was implicated. The magistrate judge did not err in dismissing Flores's due process challenge to his custodial classification.

The magistrate judge did not abuse her discretion in denying Flores's motions for the appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

The judgment of the magistrate judge is AFFIRMED. We DENY Flores's requests (1) for an evidentiary hearing by this court, (2) for an order for a Martinez Report, (3) for appointment of counsel, (4) for an order that TDCJ-CID correct records to reflect that Flores is not a member of a STG, and (5) for a declaration by this court that the Prison Litigation Reform Act is unconstitutional.

4