# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2012

No. 10-41031
Summary Calendar

Lyle W. Cayce
Clerk

CLIFTON BRUMLEY,

Plaintiff-Appellant

v.

BRAD LIVINGSTON, Executive Director, Texas Department of Criminal Justice, Institutional Division; OWEN MURRAY, Executive Director, University of Texas Medical Branch, CMHC; DAVID SWEETIN, Senior Warden, Eastham Unit, Texas Department of Criminal Justice, Institutional Division; GREGORY OLIVER, Assistant Warden, Eastham Unit, Texas Department of Criminal Justice, Institutional Division; BRENDA HOUGH, Nurse Practitioner, Eastham Unit, Texas Department of Criminal Justice, Institutional Division,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:10-CV-27

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Clifton Brumley, Texas prisoner # 779894, appeals the denial of permission to withdraw his consent to proceed before the magistrate judge (MJ), denial of his Federal Rule of Civil Procedure 59(e) motion, dismissal pursuant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41031

to 28 U.S.C. § 1915A(b)(1) of his 42 U.S.C. § 1983 complaint, and calculation of the appellate filing fee. We AFFIRM.

The MJ acted within her discretion by denying Brumley permission to withdraw his consent to proceed before her because he failed to demonstrate good cause for withdrawing his consent. *See Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987).

Because the MJ held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), granting leave to amend prior to dismissal was not necessary in this case. The MJ therefore did not abuse her discretion by denying Brumley's Rule 59(e) motion in which he added new claims. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

The MJ did not err by dismissing Brumley's claims related to medical treatment. The claims based on the denial of treatment for his spider bite, hernia, and thyroid disease were untimely. *See Whitt v. Stephens Cnty.*, 529 F.3d 278, 282 (5th Cir. 2008). The claim regarding the denial in 2009 of thyroid medication and a medical diet was brought as a retaliation claim in the district court. To the extent that Brumley is now raising a claim for the denial of medical treatment, this claim will not be considered because he is raising it for the first time on appeal. *See Jennings v. Owens*, 602 F.3d 652, 657 n.7 (5th Cir. 2010). Brumley has abandoned the retaliation claim by failing to reurge it in his brief. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Brumley fails to demonstrate a constitutional violation related to his medical claims, his claims against the supervisory officials fail as well. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

Brumley fails to demonstrate a protected liberty interest in avoiding confinement in administrative segregation or being able to identify evidence to substantiate his grievances . *See Wilkinson v. Austin*, 545 U.S. 209, 223 (2005); *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Therefore, the MJ did not err by

dismissing the claims regarding administrative segregation and the grievance system.

The MJ also did not err by dismissing Brumley's claims based on the conditions of confinement. Brumley failed to state an Eighth Amendment claim based on the denial of food, recreation, and showers because he failed to properly allege that he was subjected to a substantial risk of harm. *See Hernandez v. Velasquez*, 522 F.3d 556, 560-61 (5th Cir. 2008); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999). The claim regarding excessive heat during the winter was not properly before the district court. *See Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987). The claim regarding lockdowns was not properly before the district court, and Brumley's presentation of it on appeal is conclusory. *See Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *Riley*, 828 F.2d at 307.

The MJ's assessment of an initial partial filing fee of $5 and thereafter $450, the balance of the appellate filing fee, in installments of 20 percent of the preceding month's income credited to Brumley's prison account was in accordance with 28 U.S.C. § 1915(b).

The judgment of the district court is affirmed. The district court's dismissal of Brumley's § 1983 complaint as frivolous and for failure to state a claim upon which relief may be granted counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Brumley is warned that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.