# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 5, 2008

Charles R. Fulbruge III
Clerk

No. 07-20036
Summary Calendar

ALAN WADE JOHNSON

Plaintiff-Appellant

v.

TEXAS BOARD OF CRIMINAL JUSTICE, Sued in its Official Capacity; BRAD LIVINGSTON, Executive Director, Texas Department of Criminal Justice, sued in his individual and official capacity; DOUGLAS DRETKE, Division Director, Texas Department of Criminal Justice, Correctional Institutions Division, sued in his individual capacity; RICK THALER, Region I Director, Texas Department of Criminal Justice, Correctional Institutions Division, sued in his individual and official capacity; THOMAS J PRASIFKA, Senior Warden, Texas Department of Criminal Justice, Correctional Institutions Division, John M Wynne Unit, sued in his individual and official capacity

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-2701

Before HIGGINBOTHAM, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alan Wade Johnson, Texas prisoner # 660513, appeals the dismissal of his 42 U.S.C. § 1983 action challenging the conditions of his confinement at the Wynne Unit of the Texas Department of Criminal Justice, Correctional Institutions Division for failure to state a claim upon which relief may be granted and as legally frivolous pursuant to 28 U.S.C. § 1915A(b). We review the dismissal of Johnson's claims de novo. See Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003).

Johnson argues that the district court erred by dismissing his Ninth Amendment claims. The Ninth Amendment does not confer substantive rights upon which civil rights claims may be based. See Froehlich v. Wisconsin Dep't of Corr., 196 F.3d 800, 801 (7th Cir. 1999). Johnson has not shown that the district court erred by dismissing his Ninth Amendment claims.

Johnson argues that the district court erred by dismissing his Eighth Amendment claims. He maintains that the cells in which he is housed and the day room provided for recreation do not provide sufficient living space. He urges that there is a relatively small number of guards on duty in relation to the number of prisoners and that this presents a threat to his safety. Further, he alleges that he is subjected to extremely high temperatures and humidity, low temperatures without adequate bedding or clothing, and virtually nonexistent ventilation. He asserts that fire safety is inadequate because there are no fire alarms or fire detection systems, poor electrical equipment, and inadequate staff in living areas, creating a danger of injury in the case of a fire. Johnson argues that he is denied basic hygiene. He further contends that excessive noise causes him sleep deprivation.

"[T]he Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 348 (1981), but "'certain prison conditions [are] so 'base, inhuman and barbaric' that they violate the Eighth Amendment.'" Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999) (quoting Novak v. Beto, 453 F.2d 661, 665 (5th Cir.1971)). None of Johnson's allegations show such base conditions.

The "[l]ack of space alone does not constitute cruel and unusual punishment, save perhaps in the most aggravated circumstances." Ruiz v. Estelle (Ruiz II), 666 F.2d 854, 858 (5th Cir. 1982). Instead, claims regarding living space must be viewed in relation to other factors regarding the conditions of confinement "including sanitation, provision of security, protection against prisoner violence, and time and facilities available for work and exercise." Id.

Johnson's other allegations regarding the conditions of his confinement show that he has not alleged a viable claim regarding the lack of living space.[1] Johnson stated that he worked in the food service commissary department at Wynne for 10-12 hours per day on weekdays and was on call on weekends. Additionally, although Johnson alleged that the area was too small, he did aver that inmates were allowed to go to the day room between 8:00 a.m. and 10:00 p.m. on weekdays and between 8:00 a.m. and 1:00 a.m. on weekends. Johnson did not allege any facts regarding his opportunities for exercise and did not complain that he did not have a sufficient opportunity to exercise.

While Johnson asserts that his safety is threatened by an insufficient number of guards to prevent violence in this court, he did not raise this claim below. Accordingly, to the extent that Johnson raises this issue as a separate Eighth Amendment violation, it cannot be considered on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). To the extent that he raises this argument to show that his living space is inadequate pursuant to the factors set forth in Ruiz II, 666 F.2d at 858, his argument is not persuasive as he did not allege below that he suffered any injury or other problems resulting from the lack of sufficient guards.

---

[1] Johnson argues, inter alia, that "[d]ouble-celling inmates (each inmate has only 11.6 square feet of unencumbered living space) cannot comport with human dignity" and points to Texas legislation mandating minimum cage space for dangerous wild animals. See 25 Tex. Admin. Code § 169.131.

Exposure to cold temperatures without adequate protection can constitute an Eighth Amendment violation, see Palmer, 193 F.3d at 352-53, but Johnson's allegations regarding cold were too vague and conclusory to state a claim of a "'sufficiently serious'" deprivation that denied "'the minimal civilized measure of life's necessities.'" Id. at 352 (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Johnson's allegations regarding extreme heat also failed to state a viable claim. While Johnson alleged that the temperatures were sometimes uncomfortably hot, he did not allege that he suffered from any heat-related injuries despite being subjected to these conditions numerous times; this is not sufficient to state a constitutional claim. See Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995) (Eighth Amendment claims involving alleged uncomfortably high temperatures in lockdown and aggravation of a sinus condition as a result of the temperature did not survive summary judgment). Johnson's allegation of inadequate ventilation at Wynne also failed to state a viable claim as the allegations did not indicate that Johnson was deprived of essential food, medical care, or sanitation. See Parker v. Smith, 22 F.3d 1094, 1994 WL 198944 at *2 (5th Cir. 1994) (unpublished); see also 5TH CIR. R. 47.5.3 (unpublished opinions prior to January 1, 1996, are precedential); cf. Green v. McKaskle, 788 F.2d 1116, 1125 (5th Cir. 1986) (including shelter in list of basic human needs without addressing an inadequate ventilation claim).

The Eighth Amendment requires that prison officials provide adequate fire safety to inmates. Ruiz v. Estelle (Ruiz I), 679 F.2d 1115, 1153 (5th Cir.), modified, 688 F.2d 266 (5th Cir. 1982). Although Johnson averred that there had been 17 fires caused by shorts in electrical outlets while he was at Wynne, he did not allege that he or any other person had been injured by any fire. While fire and electrical codes can be helpful in determining whether a lack of fire safety can constitute a violation of the Eighth Amendment, they are not determinative, and the Eighth Amendment does not require that prisons meet fire and electrical codes. Ruiz I, 679 F.2d at 1153; Giovanni v. Lynn, 48 F.3d

908, 912-13 (5th Cir. 1995). As Johnson did not allege that anyone had been injured by any type of fire or that Wynne was built from flammable materials or was particularly susceptible to fires, his allegations do not state a viable claim. See Ruiz I, 679 F.2d at 1153.

In the district court, Johnson acknowledged that he was allowed to shower once per day and was provided soap for the shower. He stated that he was given a change of clothing every day, but asserted that the clothing he received was not clean. He alleged that he could wash clothing in a small wash basin and toilet in his cell, but maintained that this was insufficient. The conditions alleged by Johnson, while not comfortable, were not so extreme as to state a viable Eighth Amendment claim. See Daigre v. Maggio, 719 F.2d 1310, 1311-12 (5th Cir. 1983) (where prisoner alleged unsanitary conditions as a result of infrequent washing of blankets and failure to provide soap and towels in individual cells, conditions were not inhumane because they were "reasonably sanitary" and inmates could shower with soap each morning).

With respect to Johnson's claims regarding sleep deprivation as a result of noise in the cell area, sleep constitutes a basic human need, and conditions designed to prevent sleep may violate the Eighth Amendment. Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999). However, Johnson's allegations do not show the existence of noise intentionally designed to deprive him of sleep or sufficient to state a viable Eighth Amendment claim. See Lacy v. Collins, 66 F.3d 321, 1995 WL 535114 at *4 (5th Cir. 1995) (unpublished).

In their totality, while Johnson's allegations describe uncomfortable conditions of confinement, they do not allege that he was deprived of a minimum measure of life's necessities. Accordingly, the district court did not err by dismissing the Eighth Amendment claims. See Rhodes, 452 U.S. at 347-48.

The remainder of the arguments raised by Johnson do not demonstrate error. His challenge to the district court's dismissal of his claims regarding cellblock B at Wynne do not show reversible error as the conditions he alleged

regarding that cellblock were no different from the conditions he alleged regarding cellblocks A and C, and his complaint did not allege viable claims regarding cellblocks A and C. Similarly, we need not reach Johnson's argument that he sufficiently alleged that the defendants were deliberately indifferent to the conditions of his confinement to the extent to allow an award of punitive damages as Johnson's complaint did not raise viable substantive claims regarding the conditions of his confinement. Given the discretion of district courts on the issue of sealing documents and the presumption that documents not be sealed, Johnson has not shown that the district court abused its discretion by referencing information contained in a sealed document in its order. See SEC v. Van Waeyenberghe, 990 F.2d 845, 848-49 (5th Cir. 1993).

The district court's dismissal of Johnson's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). We caution Johnson that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.