# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 16, 2014

Lyle W. Cayce
Clerk

No. 13-30760
Summary Calendar

GLENN CALVIN DAMOND

Plaintiff - Appellant

v.

JAMES LEBLANC; CHAIRMAN OF THE BOARD OF PAROLE; DIVISION OF PAROLE; PATRICIA MURPHY; VERNESTER CANTY; STEVE RADER; SHERYLE M. RANATZA

Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-564

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Calvin Damond appeals the district court's dismissal of his claims of federal and state civil rights violations against Secretary James Leblanc, parole officers Patricia Murphy and Vernester Canty, Warden Steve Rader, and Parole Board Chairman Sheryle Ranatza (collectively, "the defendants"). We AFFIRM the district court's decision.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30760

## STATEMENT OF FACTS

In March of 1998, Calvin Damond pled guilty to aggravated rape and was sentenced to thirty years of imprisonment.  Pursuant to an agreement between Damond and the Department of Corrections that he would waive his incentive wages while in custody, Damond received the standard legislatively authorized good-time credit at a rate of 30 days for every 30 days in actual custody.  In July of 2011, Damond became eligible for good-time release, but was required to sign a document imposing supervisory conditions on his release.  In June of 2012, Damond was re-arrested in connection with an unrelated offense and the Parole Board placed a hold on his record because this signaled a possible violation of his conditions.

Damond filed a pro se suit in the district court under 42 U.S.C. § 1983 and state law civil rights claims seeking relief from any form of "supervision and illegal custody."  Damond claimed that the defendants had wrongly applied Louisiana Revised Statute § 15:571.5 to his conviction.  The defendants moved to dismiss the case.  The district court granted the motion to dismiss as to all defendants on July 8, 2013.  Damond appeals.

## STANDARD OF REVIEW

"We review a district court's dismissal under Rule 12(b)(6) de novo, 'accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs.'" *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (internal citation omitted). "To survive dismissal pursuant to Rule 12(b)(6), plaintiffs must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

## DISCUSSION

Official capacity monetary damage claims against state actors are considered a suit against the state and barred by the Eleventh Amendment.

*Hafer v. Melo*, 502 U.S. 21, 25-26 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State."). The district court properly dismissed Damond's official capacity monetary damage claims against the defendants.

"When a prisoner . . . is released because of diminution of sentence . . . he shall be released as if released on parole." La. Rev. Stat. § 15:571.5. This release includes 1) the imposition of conditions, 2) supervision for the remainder of the term, and 3) potential revocation and recommitment. *Id.*

"[H]abeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement," not an ordinary civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). Challenges to supervised conditions of release under Louisiana's good-time statute are construed as challenges to the length of confinement. *See Edge v. Stalder*, 240 F.3d 1074 (5th Cir. 2000)(unpublished). As such, "[h]abeas petitions are the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Id.* (internal quotation marks and citation omitted). The district court properly dismissed Damond's claims attacking the fact of his supervised release.

A prisoner's claim seeking monetary damages under § 1983 is not cognizable whenever a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Since Damond has not successfully shown his conviction or sentence invalid, the district court properly dismissed this claim as unripe.

The district court declined to exercise supplemental jurisdiction over the state law claims since it had dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). It was well within its power to do so.

3

No. 13-30760

## CONCLUSION

For these reasons, the judgment of the district court is AFFIRMED