# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30500

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2016

Lyle W. Cayce
Clerk

JONATHAN MICHAEL RUIZ,

> Plaintiff - Appellant

v.

JAMES LEBLANC, Secretary, Louisiana Department of Public Safety ; Corrections Headquarters; JEFFERY TRAVIS, Chief of Operations, Louisiana Department of Public Safety & Corrections Headquarters; ROBERT TANNER, Head Warden, Rayburn Correctional Center; KEITH BICKHAM, Deputy Warden, Rayburn Correctional Center; CHARLES TOUCHSTONE, CSM, Rayburn Correctional Center; DONNA TOUCHSTONE, CSM, Rayburn Correctional Center; UNIDENTIFIED PARTY, John Doe, CSM at Rayburn Correctional Center,

> Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-6373

Before KING, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

*Pro se* Plaintiff–Appellant Jonathan Michael Ruiz, Louisiana prisoner # 463296, brought this 42 U.S.C. § 1983 action against Defendants, alleging

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30500

numerous violations of his constitutional rights. The district court dismissed Ruiz's complaint, and Ruiz appeals. We AFFIRM in part, VACATE in part, and REMAND for further proceedings.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jonathan Ruiz, an inmate at Rayburn B.B. "Sixty" Correctional Center, was transferred from the general population to extended lockdown after being convicted of a rule violation at a disciplinary hearing. Ruiz was held in two different classifications in extended lockdown—approximately six months in Level 1 lockdown and six months in Level 2 lockdown—before being transferred out of extended lockdown. After being found guilty of another rule violation, Ruiz was again placed in extended lockdown on September 8, 2013.

Ruiz brought claims under 42 U.S.C. § 1983 *pro se* and *in forma pauperis* against Defendants in their official and individual capacities. Ruiz alleged that Defendants violated his constitutional rights through his confinement in extended lockdown and the actions taken by Defendants relating to that confinement. Before Defendants answered the complaint, the magistrate judge[1] dismissed Ruiz's complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from damages.

## II.     STANDARD OF REVIEW

We review *de novo* the dismissal of a complaint both as frivolous and for failing to state a claim. *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam).[2] A claim is frivolous if it lacks "an arguable basis in law or

---

[1] The parties waived their right to proceed before a United States district judge and consented to the magistrate judge conducting proceedings.

[2] The magistrate judge properly dismissed claims for monetary damages brought against defendants in their official capacities. *See Damond v. LeBlanc*, 552 F. App'x 353, 354 (5th Cir. 2014) (per curiam) (unpublished).

fact." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (per curiam). A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory," and a claim lacks an arguable basis in fact if "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford*, 562 F.3d at 678 (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)).

Whether a complaint fails to state a claim for purposes of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) is determined by "apply[ing] the same standard of review applicable to dismissals made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[3] A claim is facially plausible if the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. CONDITIONS OF CONFINEMENT CLAIMS

Ruiz contends that the conditions of his confinement in extended lockdown violated the Eighth Amendment.[4] The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The Eighth Amendment "does not mandate comfortable prisons, but neither does it permit inhumane ones." *Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015) (quoting *Ball v. LeBlanc*, 792 F.3d 584, 592 (5th Cir. 2015)). To state

---

[3] While Ruiz challenges the district court's application of the *Iqbal* pleading standard, this circuit is "bound by Supreme Court precedent." *Beazley v. Johnson*, 242 F.3d 248, 269 (5th Cir. 2001).

[4] For the first time on appeal, Ruiz also raises an Eighth Amendment claim for excessive force. Because Ruiz only raised conditions of confinement claims before the district court, we decline to address the newly raised, alternative Eighth Amendment claim. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

a conditions of confinement claim under the Eighth Amendment, Ruiz must plead that his confinement resulted in an "objectively, sufficiently serious" deprivation that "constitutes a 'denial of the minimal civilized measures of life's necessities.'" *Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Ruiz "must also allege that the defendant prison officials were deliberately indifferent to the inmate's health or safety." *Hinojosa*, 807 F.3d at 665. "[An] Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842.

Ruiz argues that the conditions of his confinement violated the Eighth Amendment by depriving him of three needs: adequate warmth, adequate personal hygiene, and exercise. First, Ruiz contends that he was denied adequate warmth because the prison failed to provide him with winter clothing, the temperature in his cell at times fell below 50 degrees Fahrenheit, and he was particularly susceptible to cold weather. Extremely cold cell temperatures can violate the Eighth Amendment. *Ball*, 792 F.3d at 592. However, Ruiz concedes that he was allowed to keep "sets of clothings, [a] towel, two sheets, a blanket, and a mattress" in his cell, and we have previously held that a prisoner cannot show an Eighth Amendment violation when a plaintiff has access to blankets and similar clothing at much colder temperatures than those experienced by Ruiz. *See Bibbs v. Early*, 541 F.3d 267, 275 (5th Cir. 2008) (involving temperatures of approximately 20 degrees Fahrenheit). The magistrate judge therefore did not err in dismissing Ruiz's inadequate warmth claim.

Second, Ruiz contends that he was denied adequate personal hygiene because his clothing was only laundered on weekdays, thereby requiring him

to re-wear clothing on the weekends.  He also contends that he was denied adequate personal hygiene because he lacked toothpaste for several months while in Level 2 extended lockdown.  Deprivation of the basic elements of hygiene can violate the Eighth Amendment. *Daigre v. Maggio*, 719 F.2d 1310, 1312 (5th Cir. 1983).  However, Ruiz admits that he could still shower on weekends, and the lack of a clean change of clothing every day is not sufficient to state a viable Eighth Amendment claim. *Johnson v. Tex. Bd. Of Criminal Justice*, 281 F. App'x 319, 322 (5th Cir. 2008) (per curiam) (unpublished).  Ruiz also was initially provided, and could have purchased, additional toothpaste. He has therefore failed to show such extreme conditions constituting an Eighth Amendment claim because "some measure of hygiene [was] provided." *Daigre*, 719 F.2d at 1312.[5]  There was no error in dismissing Ruiz's conditions of confinement claims based on alleged inadequate hygiene.

Third, Ruiz contends that he was deprived of exercise because he was required to wear full restraints, including handcuffs, a leather restraint belt, and shackles, during his outdoor exercise.  Ruiz argues that he has suffered numerous injuries because of this policy, including loss of appetite, constipation, fatigue, weight loss, knee pain, elevated blood pressure, and injuries caused by the movement of the restraints.[6]  Ruiz also explained that the lack of exercise worsened his health and that he had a "heightened need for consistent proper health due to [his] chronic condition."[7]  While restrictions on exercise are not inherently unconstitutional, the denial of outdoor exercise

---

[5] We decline to review Ruiz's claim, raised for the first time on appeal, that he was indigent during the time that he was held in Level 2 extended lockdown. *See Yohey*, 95 F.2d at 225.

[6] Ruiz also contends that he suffered additional injuries from attempting to exercise without restraints in the limited space that he is afforded in his cell.

[7] Ruiz fails to identify this chronic condition in his complaint, but he states that he has hepatitis C in an exhibit attached to the complaint.

opportunities may constitute an Eighth Amendment violation.  *See Hernandez v. Velasquez*, 522 F.3d 556, 560–62 (5th Cir. 2008); *Miller v. Carson*, 563 F.2d 741, 751 n.12 (5th Cir. 1977).  The magistrate judge denied this claim because the Eastern District of Louisiana had previously denied Eighth Amendment claims based on this same policy.  However, those cases are distinguishable because those plaintiffs failed to present any evidence of actual injuries, *see Kron v. LeBlanc*, No. 11-2263, 2012 WL 4563957, at *22–23 (E.D. La. 2012); *Tyson v. LeBlanc*, No. 10-1174, 2010 WL 5375955, at *18 (E.D. La. 2010), and because Ruiz has raised different injuries than those alleged by the plaintiff in *Carter v. Tanner*, No. 11-2733, 2014 WL 1329784, at *4 (E.D. La. 2014).  In particular, the *Carter* court found that, on a motion for summary judgment, the plaintiff failed to raise a factual issue as to whether his injuries posed a "substantial risk of harm," relying on a Fifth Circuit case that addressed only some, but not all, of the injuries identified by Ruiz.  *Carter*, 2014 WL 1329784, at *4; *see also Hernandez*, 522 F.3d at 561 (holding that the plaintiff failed to show any indication that muscle atrophy, stiffness, loss of range of motion, and depression "posed a substantial risk of serious harm").

In light of the foregoing, Ruiz's claim is not based on an indisputable meritless legal theory.  *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).  But while Ruiz has alleged numerous injuries, he has not alleged sufficient facts to plausibly establish that those injuries constitute a "substantial risk of serious harm."  *See Coleman*, 745 F.3d at 764.  Ruiz therefore failed to clearly allege a plausible Eighth Amendment claim based on the deprivation of exercise.  He alleged enough, however, so that he should be given an opportunity to correct his failure to provide sufficient factual allegations through a *Spears* hearing[8]

---

[8] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Eason v. Holt*, 73 F.3d 600, 601–03 (5th Cir. 1996) (describing the purpose of a *Spears* hearing).

or given an opportunity to amend his complaint to plead his best case. *See Brewster*, 587 F.3d at 767–68; *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). The magistrate judge erred by dismissing this claim with prejudice without providing Ruiz, a *pro se* plaintiff, an opportunity to plead his best case.[9]

## IV.    DENIAL OF PUBLICATIONS CLAIM

Ruiz argues that he was prohibited by prison regulations from receiving and possessing any packages or publications, in violation of the First Amendment, while he was held in extended lockdown. In his complaint, Ruiz states that prison officials informed him that publications were not permitted because they presented a fire hazard in the hands of extended lockdown prisoners. The First Amendment prohibits laws "abridging the freedom of speech." U.S. Const. amend. I. "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The Supreme Court in *Turner* laid out four factors for determining the reasonableness of a prison regulation: (1) whether a "valid, rational connection" exists "between the prison regulation and the legitimate [and neutral] governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) and whether any ready alternatives that fully accommodate the

---

[9] Ruiz contends that the "totality of conditions" of his confinement also establish an Eighth Amendment violation. Ruiz is correct that conditions of confinement "in combination" may establish an Eighth Amendment violation, "but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need," such as exercise, warmth, or hygiene. *Gates v. Cook*, 376 F.3d 323, 333 (5th Cir. 2004) (emphasis added). Thus, the magistrate judge also erred insofar as dismissing Ruiz's "totality of the conditions" claim as it relates to Ruiz's denial of exercise claim.

inmate's right exist "at *de minimis* cost to valid penological interests." *Id.* at 89–91.

Here, the magistrate judge did not analyze Ruiz's First Amendment claim under the framework set forth in *Turner*. While discussing a different claim asserted by Ruiz, the magistrate judge held that the revocation of the privilege to receive and possess publications was justified as a legitimate behavior modification tool to discourage misconduct. However, as alleged by Ruiz, the prison justified the restriction as a fire hazard deterrent, not as a behavior modification tool. Accepting Ruiz's allegations as true, they are sufficient to state a claim under the First Amendment. *See id.* Moreover, Ruiz's claim is not based on an indisputably meritless legal theory, *see Berry*, 192 F.3d at 507, nor are the facts alleged "fantastic or delusional scenarios," *Samford*, 562 F.3d at 678 (quoting *Harris*, 198 F.3d at 156). Therefore, the magistrate judge erred in dismissing this claim.[10]

Ruiz also contends that he was denied meaningful procedural safeguards because prison staff failed to provide him with adequate notice of the rejection of his incoming publications and failed to hold his publications until he had exhausted the appeal process. However, the magistrate court did not err in dismissing this claim because Ruiz conceded in his complaint that prison personnel violated his rights *by failing to follow prison policy*. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) ("Our case law is clear, however, that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met.").

---

[10] We decline to address the Religious Land Use and Institutionalized Persons Act claim raised by Ruiz for the first time on appeal, without expressing any opinion on whether the claim should be considered by the district court on remand. *See Yohey*, 95 F.2d at 225.

## V.   ALL REMAINING CLAIMS ON APPEAL

Ruiz raises numerous other issues on appeal, all of which are meritless. Ruiz has failed to adequately brief, and therefore has waived, his claim that his disciplinary hearing lacked adequate procedural due process because it failed to provide notice that he could be sanctioned with loss of property and "assigned" him special management unit status.  *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam) ("Although we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties presented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28." (footnote omitted)).  He has similarly waived his claim that wearing restraints while exercising violated his "liberty from bodily restraint."  *Id.*

While Ruiz alleges that he was denied meaningful access to the courts because of prison policies prohibiting legal materials from being stored in his cell and limiting access to those materials to only approximately 20 hours per week, he has failed to identify any nonfrivolous, arguable legal claim that he was unable to file because of the policies or actions of prison officials.  *See Brewster*, 587 F.3d at 769 (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).[11]  The magistrate judge did not err in dismissing this claim.

The magistrate judge similarly did not err in dismissing Ruiz's equal protection claims.  Ruiz claims that extended lockdown prisoners are treated differently than inmates in other levels of administrative segregation and that inmates are treated differently between the two extended lockdown classifications.  Such claims fail to implicate the Equal Protection Clause because prisoners in different levels of administrative segregations or

---

[11] We decline to address Ruiz's claim that he was denied meaningful legal assistance and law library access because that claim was not raised below.  *See Yohey*, 95 F.2d at 225.

classifications are not similarly situated. *See Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). Moreover, Ruiz has not alleged that the unequal treatment between the levels of administration segregation "stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001).

Finally, Ruiz contends that the magistrate judge erroneously dismissed his state law claims. Because the magistrate judge erroneously dismissed some of Ruiz's federal claims, we also remand so that the magistrate judge may decide in the first instance whether to dismiss Ruiz's state law claims. *See Taylor v. City of Shreveport*, 798 F.3d 276, 289 (5th Cir. 2015).

## VI.    CONCLUSION

For the foregoing reasons, we VACATE the magistrate judge's judgment dismissing Ruiz's deprival of exercise and denial of publications claims, and REMAND to the district court for further proceedings consistent with this opinion. On remand, the magistrate judge may also reconsider the portion of its judgment dismissing Ruiz's state law claims. We AFFIRM the magistrate judge's judgment dismissing Ruiz's remaining claims.